ORIGINAL

# In the United States Court of Federal Claims

No. 13-206C
(Filed December 6, 2013)
NOT FOR PUBLICATION

**FILED**

DEC - 6 2013

**U.S. COURT OF
FEDERAL CLAIMS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
                                             *
VANESSA BROOKS,                              *
                                             *
              Plaintiffs,                    *
                                             *
       v.                                    *
                                             *
THE UNITED STATES,                           *
                                             *
              Defendant.                     *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In this matter plaintiff Vanessa Brooks, proceeding pro se, claims that the Internal Revenue Service ("IRS") breached two contracts for the sale of printer paper. *See* Am. Compl. ¶ 3. The government has moved to dismiss the case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. Defendant argues that this action must be dismissed because the contracts at issue were between it and Borrowed Time Enterprises, Inc. ("BTE"), a corporation of which Ms. Brooks is the chief executive officer ("CEO").[1] Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2, 5. Accordingly, the government argues that because the proper party is a corporation, which cannot be represented by a non-attorney, the complaint must be dismissed. *Id* at 5. Plaintiff argues that we should not dismiss the claim, because she is the sole employee of BTE, and she considers herself and the corporation to be one-and-the-same. Pl.'s Reply to Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Sur-reply") at 1. For the reasons stated below, the government's motion is **GRANTED**.

---

[1] The government also argued that this case should be dismissed because Ms. Brooks failed to perfect a Contract Disputes Act ("CDA") claim. Def.'s Mot. at 7-9 (citing 41 U.S.C. §§ 7102(a)(1), 7103(a)(3)). Because the Court has concluded that jurisdiction is absent under the first ground raised by defendant, this alternative argument need not be considered.

Under RCFC 12(b)(1), claims brought before this Court must be dismissed when it is shown that the Court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012). While pro se plaintiffs' filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside our jurisdiction from being dismissed, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

In support of its argument that the contracts were between BTE and the government, defendant relies on the fact that both purchase orders identify BTE as the company providing the paper. Def.'s Mot at 5. (citing Am. Compl. Exs. 3, 5). The plaintiff does not appear to dispute the government's contention that the contracts were between the government and BTE. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp."); *see also* Pl.'s Sur-reply. Indeed, the two quotes sent to the IRS that led to the purchases were on BTE stationery, signed by Ms. Brooks as CEO. *See* Am. Compl. Exs. 2, 4.

Plaintiff does argue, however, that she should be allowed to proceed with this suit because she *is* BTE, as its sole proprietor and sole employee. Pl.'s Sur-reply at 1. What Ms. Brooks is attempting to do, it seems, is obtain contracts using the corporate form, but avoid the expense of a lawyer to litigate the resulting claims. Under our rules, however, a corporation may not be represented by an individual who is not an attorney. RCFC 83.1(a)(3). The requirement that corporations be represented by counsel is a long-standing staple of the federal court system. *See Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (per curiam) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)).

Since the two contracts at issue were between BTE and the government, Ms. Brooks lacks privity of contract with the government. But only a party in privity of contract with the government may sue under the CDA. *See Winter v. FloorPro Inc.*, 570 F.3d 1367, 1371 (Fed. Cir. 2009). We do not have jurisdiction over contract claims brought by non-parties to a government contract. Either Ms. Brooks is

trying to litigate claims concerning contracts that are not hers, or is trying to represent a corporation without a license to practice law. Regardless of how one looks at it, the result is the same --- the Court has no choice but to dismiss the case.[2] This conclusion is not altered by the fact that Ms. Brooks is the sole employee and sole shareholder of BTE.[3] Our rules contain no exception for corporations which have only one shareholder or one employee. *See* RCFC 83.1(a)(3).

For the reasons stated above, the government's motion to dismiss this case for lack of subject-matter jurisdiction is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[2] The remedy in cases of pro se plaintiffs attempting to represent corporations has been to dismiss the complaints for want of subject-matter jurisdiction. *See Lawrence v. United States Sec. and Exch. Comm'n*, 384 F. App'x 44, 45 (2d Cir. 2010).

[3] Even though BTE has only one employee and one shareholder, Ms. Brooks still enjoys the benefits of doing business through a corporation, such as limited liability for obligations of the corporation. *See* Frank H. Easterbrook & Daniel R. Fischel, *Limited Liability and the Corporation*, 52 U. CHI. L. REV 89, 89-90 (1985). Along with such benefits come costs, which include the prohibition on non-attorneys representing corporations.